UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenneth Thomas Willoughby,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:11-cr-00416-TLW<br><br><br>**ORDER** |

This matter comes before the Court on two motions filed by Defendant Kenneth Thomas Willoughby requesting the appointment of counsel. ECF Nos. 1094 & 1184. These motions were filed in connection to Willoughby's motions for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), the Fair Sentencing Act, the First Step Act, and various amendments to the United States Sentencing Guidelines. ECF Nos. 1090, 1091, 1109, 1130 & 1183. Willoughby requests the appointment of counsel to assist him in litigating his compassionate release motion "due to the complex nature of such filings." ECF No. 1184. The Government opposes his request. ECF No. 1201. After reviewing his request and the record before it, the Court **DENIES** Willoughby's motions for the appointment of counsel.

Caselaw provides guidance in connection with the appointment of counsel in post-conviction proceedings. "It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson,* 501 U.S. 722, 756 (1991); *United States v. Coleman*, No. CR 3:01-506-JFA, 2020 WL 8258249, at *1 (D.S.C. July 30, 2020) ("As an initial matter, there is no general constitutional right to appointed counsel in post-conviction proceedings."). Although due process mandates the

appointment for certain post-conviction proceedings, a motion to reduce a sentence pursuant to § 3582(c) does not fit into this category. *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000). The Court has discretion to appoint counsel in proceedings under § 3582(c) if the interests of justice so require. *Id.*

In review of Willoughby's motion and the record before it, the Court finds that he is capable—and has proven capable—of requesting compassionate release without the assistance of counsel. He has ably filed five motions and briefs asserting cogent arguments in favor of compassionate release, and he has not otherwise established that the interests of justice require the appointment of counsel in this case. Therefore, the Court **DENIES** Willoughby's motions for the appointment of counsel, ECF Nos. 1094 & 1184. The Government has filed its opposition to Willoughby's motions for a sentence reduction, and the Court is now awaiting his Reply. Once it is filed, the Court will carefully consider his § 3582 motions, the arguments raised therein, and any documents he files in connection with those motions.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

July 26, 2023
Columbia, South Carolina